ALAN M. KINDRED (State Bar No. 135145)
alankindred@hotmail.com
**LAW OFFICES OF ALAN M. KINDRED**
5481 Ocean View Blvd.
La Cañada, California 91011-1215
Telephone (818) 636-5933
Facsimile (818) 248-6202

PIERRE R. YANNEY (*Pro Hac Vice*)
pyanney@darbylaw.com
**DARBY & DARBY, P.C.**
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
Telephone (212) 527-7700
Facsimile (212) 527-7701

Attorneys for Defendant/Counterclaim-Plaintiff
CLICVU, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBZERO, LLC, a Wyoming limited liability company,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>CLICVU, INC., a Delaware corporation, doing business as SPAMEX,<br><br>Defendant/Counterclaim-Plaintiff. | Case No. CV-08-0504 MRP (PLAx)<br><br>**CLICVU, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING WEBZERO, LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: June 15, 2009<br>Time: 10:00 a.m.<br>Courtroom: 12<br>Hon. Judge Mariana R. Pfaelzer |

CLICVU, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING WEBZERO, LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

4299533.1 6003221-000

Defendant/Counterclaim-Plaintiff ClicVU, Inc. ("ClicVU") respectfully submits this brief in opposition to Plaintiff/Counterclaim-Defendant WebZero, LLC's ("WebZero") Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

On May 1, 2009, this Court dismissed the current action and determined that ClicVU does not infringe U.S. Patent No. 6,973,481 ("the '481 Patent"). WebZero has now moved to alter or amend this Court's holding of non-infringement on summary judgment. In its motion, WebZero asserts that: (1) the Order should be vacated or amended "to Correct an Obvious Error Regarding the Existence of a Genuine Issue of Material Fact as to the Terms 'Web Page' and 'Website'"; (2) the Order should be vacated or amended "to Correct an Obvious Error Regarding WebZero's Contentions as to 'Unique email forwarding address for the user'"; and (3) the "Summary Judgment Order Should be Vacated and the Parties Should be Allowed to Proceed with Discovery" pursuant to Fed. R. Civ. P. 56(f).

All of WebZero's arguments fail. WebZero's first two assertions are irrelevant and immaterial with respect to this Court's holding of non-infringement on summary judgment. Further, WebZero has not fulfilled the requirements of Rule 56(f), and its assertion that the Order for Summary Judgment of Non-Infringement should be vacated so that it can proceed with discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure is improper.

Accordingly, WebZero's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) should be denied.

CLICVU, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING WEBZERO, LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

4299533.1  6003221-000

## II. ARGUMENT

### A. WebZero's Argument Regarding the Existence of a Genuine Issue of Material Fact as to the Terms "Web Page" and "Website" is Immaterial

WebZero's argument that a lack of clarity regarding the Court's intent in its language regarding the "web page" claim limitation is irrelevant and immaterial, and does not warrant vacating or amending this Court's Order for Summary Judgment of Non-Infringement.

WebZero argues that the Court's Order granting ClicVU's motion for summary judgment for non-infringement should be vacated or amended because WebZero claims to be confused by the language used by this Court with respect to the "web page" limitation. WebZero's Memorandum of Points and Authorities ("WebZero Brief"), p. 3. However, this argument is both irrelevant and immaterial.

ClicVU had presented multiple non-infringement positions in its motion for summary judgment. With respect to independent claims 1, 11, and 30, and dependent claims 2, 8, 15, 31, 32, 39, and 40, ClicVU presented arguments that SPAMEX does not meet the "web page", "automatically associated with said web page", and "dedicated for use" limitations. With respect to independent claim 18 and dependent claims 19, 20, 26-28, and 38, ClicVU argued that SPAMEX does not meet the "web page" and the "automatically associated with said web page" limitations.

In finding non-infringement, the Court agreed with ClicVU that SPAMEX does not meet the "automatically associated with said web page" and "dedicated for use" limitations of independent claims 1, 11, and 30, and dependent claims 2, 8, 15, 31, 32, 39, and 40. Order for Summary Judgment of Non-Infringement, pp. 9-11. With respect to independent claim 18 and dependent claims 19, 20, 26-28, and 38, the Court held that SPAMEX does not meet the "automatically associated with said web page" limitation in finding non-infringement. Order for Summary Judgment of Non-Infringement, p. 10.

It is well established that a finding of infringement requires the accused product to meet each and every limitation set forth in the asserted claim. *Bowers v. Baystate Techs.*, 320 F.3d 1317, 1334 (Fed. Cir. 2003). Thus, a finding that an accused product does not meet even one limitation set forth in the asserted claim is sufficient to find non-infringement. That an accused product may or may not meet other claim limitations is irrelevant to the non-infringement determination. This is echoed by this Court in its summary judgment order. Order for Summary Judgment of Non-Infringement, p. 10 ("Whether or not the SPAMEX system meets an additional limitation of claim 18 related to a draggable email forwarding address does not change the analysis, as WebZero suggests.")

Further, WebZero does not raise any arguments regarding the Court's holding with respect to the "automatically associated with said web page" and "dedicated for use" claim limitations, and does not dispute this Court's holding with respect to these claim limitations. Accordingly, whether an issue of material fact exists regarding the "web page" limitation is irrelevant and immaterial in view of the Court's holding that no issue of material fact exists regarding ClicVU's non-infringement of the '481 Patent since SPAMEX does not meet at least two limitations of independent claims 1, 11, and 30, as well as dependent claims 2, 8, 15, 31, 32, 39, and 40, and at least one limitation of independent claim 18 and dependent claims 19, 20, 26-28, and 38. Order for Summary Judgment of Non-Infringement, pp. 6-8, 9-11.

Thus, WebZero's irrelevant and immaterial argument does not warrant disturbing this Court's Order for Summary Judgment of Non-Infringement, and WebZero's motion to alter or amend on this ground should be denied.

### B. WebZero's Argument Regarding WebZero's Contentions with Respect to the "Unique Email Forwarding Address for the User" is Immaterial

WebZero's argument regarding its contentions as described in the Court's Order for Summary Judgment of Non-Infringement with respect to the "unique email forwarding address for the user" limitation is immaterial.

Once again, WebZero asserts an argument that is entirely irrelevant and immaterial to this Court's holding of non-infringement on summary judgment. WebZero argues that the Court's Order incorrectly describes its position on the "unique email forwarding address for the user" claim limitation and should be amended to "state that ClicVU infringes this limitation of the '481 Patent." First, it is noted that a limitation of a claim cannot be "infringed." *Power Mosfet Techs., LLC v. Siemens, AG*, 378 F.3d 1396, 1406 (Fed. Cir. 2004) (infringement "requires a comparison of the properly construed **claim** to the accused device.") (emphasis added). Second, amending the Order for Summary Judgment of Non-Infringement to clarify WebZero's contentions with respect to the "unique email forwarding address for the user" claim limitation has no bearing on the Court's decision.

As discussed above, an accused product must meet each and every limitation of the asserted claim to support a finding of infringement. *Bowers*, 320 F.3d at 1334. The Court has clearly and unmistakably held that ClicVU does not infringe the '481 Patent because SPAMEX does not meet at least two limitations of independent claims 1, 11, and 30, as well as dependent claims 2, 8, 15, 31, 32, 39, and 40, and at least one limitation of independent claim 18 and dependent claims 19, 20, 26-28, and 38. Order for Summary Judgment of Non-Infringement, pp. 6-8, 9-11.

Thus, WebZero's additional irrelevant and immaterial argument does not warrant disturbing this Court's Order for Summary Judgment of Non-Infringement, and WebZero's motion to alter or amend on this ground should be denied.

4   CLICVU, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING WEBZERO, LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

4299533.1  6003221-000

## C. WebZero is Not Entitled to Continue Discovery Pursuant to Rule 56(f)

WebZero's argument to vacate this Court's order for summary judgment of non-infringement and allow it to continue discovery is improper and fails for at least three reasons: (1) WebZero has failed to carry its burden of identifying the existence of specific facts that would prevent summary judgment; (2) WebZero never moved for a continuance of discovery pursuant to Rule 56(f); and (3) WebZero failed to seek continuance of discovery pursuant to Rule 56(f) in a timely manner.

Rule 56(f) of the Federal Rules of Civil Procedure permits a district court to grant a continuance to allow a party opposing summary judgment to conduct further discovery. *Harris v. Duty Free Shoppers Ltd.*, 940 F.2d 1272, 1276 (9th Cir. 1991). However, the Court of Appeals for the Ninth Circuit has established clear limits to Rule 56(f). First, the Ninth Circuit has stated that Rule 56(f) places the burden "on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). The burden imposed by Rule 56(f) "requires affidavits setting forth the particular facts expected from the movant's discovery," *Brae Transportation, Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986), and the "mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance under Fed. R. Civ. P. 56(f)." *Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal Trades District Council*, 817 F.2d 1391, 1395 (9th Cir. 1987) (citing *Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978)). Additionally, the Ninth Circuit has stated that "implication and logic require that a Rule 56(f) motion be made prior to the summary judgment hearing." *Ashton-Tate Corp. v. Ross*, 916 F2d 516, 520 (9th Cir. 1990). Finally, in determining the propriety of permitting continued discovery pursuant to Rule 56(f), the Ninth Circuit has considered whether the party requesting discovery had actually moved the court pursuant to Rule 56(f), *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 678 (9th Cir. 2005); *Chance*, 242 F.3d at 1161, and notes that "[r]eferences in memoranda and declarations

5   CLICVU, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING WEBZERO, LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

4299533.1 6003221-000

to a need for discovery do not qualify as motions under Rule 56(f)." *Brae*, 790 F.2d at 1443.

In the present action, WebZero has failed to satisfy any of the above requirements of Rule 56(f). First, WebZero has not carried its burden of showing through the submission of affidavits that "the evidence sought exists, and that it would prevent summary judgment." *Chance*, 242 F.3d at 1161 n.6. WebZero offers no specific evidence that would disturb the Court's holding of non-infringement on summary judgment. WebZero merely relies on conclusory attorney arguments in its brief stating that WebZero was deprived of "the opportunity to present facts essential to its opposition to ClicVU's motion for summary judgment (and in support of WebZero's own cross motion)." WebZero Brief, p. 5-6. Further, although over a month has passed since ClicVU produced over 5,000 pages of documents to WebZero, WebZero is still unable to identify any evidence in the production that would "prevent summary judgment." WebZero has not cited or brought to the Court's attention a single document or piece of evidence that it has now had for over a month.

Finally, although Rule 56(f) expressly requires that the specified reasons must be shown "by affidavit," the accompany Declaration of Shannon Keast in Support of WebZero's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Keast Decl.") does not identify any facts that may exist that "would prevent summary judgment."

In addition to WebZero's failure to carry its burden of showing that the proffered evidence that would prevent summary judgment exists, WebZero has never moved this Court for continued discovery pursuant to Rule 56(f). Although Rule 56(f) is referenced in Paragraph 4 of the Declaration of Shannon Keast in Support of Plaintiff WebZero, LLC's Opposition to and Cross Motion for Summary Judgment ("Keast SJ Decl.")[1], in a footnote in WebZero's cross-motion for summary judgment,

---

[1] Paragraph 4 of the Keast SJ Decl. states:

(continued…)

6   CLICVU, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING WEBZERO, LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

4299533.1 6003221-000

1  and in WebZero's instant motion under Rule 59(e), as stated by the Ninth Circuit,
2  "[r]eferences in memoranda and declarations to a need for discovery do not qualify as
3  motions under Rule 56(f)." *Brae*, 790 F.2d at 1443. Further, in *Bosley* and *Chance*, the
4  Ninth Circuit found that the district court did not abuse its discretion in either case in
5  granting summary judgment without permitting further discovery when the parties had
6  not formally moved the court pursuant to Rule 56(f). *Bosley Med. Inst., Inc.*, 403 F.3d at
7  678; *Chance*, 242 F.3d at 1161.

8  Further, even if WebZero's instant motion under Rule 59(e) can be considered a
9  motion under 56(f) for continued discovery, the motion is untimely. The Ninth Circuit
10 has expressly stated that "implication and logic require that a Rule 56(f) motion be
11 made prior to the summary judgment hearing." *Ashton-Tate Corp.*, 916 F2d at 520.
12 Here, the instant motion was filed on May 15, 2009, nearly three weeks after the the
13 Summary Judgment hearing, which was held on April 27, 2009.

14 The present action closely follows *Bosley*, where the Ninth Circuit held that the
15 district court did not abuse its discretion in granting the summary judgment without
16 permitting further discovery because:

17 > Bosley failed to request further discovery under Federal Rule of Civil
18 > Procedure 56(f), but instead moved for summary judgment itself.
19 > Although Bosley's reply brief supporting its own motion for summary

---

21 (…continued)
> However, if this Court finds that summary judgment in favor of
22 > WebZero is not warranted, WebZero submits that, pursuant to Rule
23 > 56(f) of the Federal Rules of Civil Procedure, it strongly believes it will
> be able to produce facts essential to justify its opposition and its counter
24 > motion. Absent such discovery, WebZero is unable to present sufficient
25 > facts in opposition to ClicVU's motion. Specifically, WebZero believes
> that the requested discovery will enable WebZero to demonstrate
26 > genuine issues of fact as to, *inter alia*, how ClicVU's SPAMEX product
27 > operates internally and whether such operation constitutes infringement
> of the '481 Patent.
28

7   CLICVU, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING WEBZERO, LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

4299533.1  6003221-000

judgment complained about limited discovery in a footnote, Bosley did not move for leave to take discovery. *Bosley Med. Inst., Inc.*, 403 F.3d at 678.

Here, WebZero has not moved the Court pursuant to Rule 56(f). Instead, WebZero moved itself for summary judgment. Presumably, had WebZero believed that additional discovery was needed in connection with a summary judgment motion, then it would not have been able to proceed with its own summary judgment motion. Curiously though, WebZero did proceed with a summary judgment motion, requesting the Court to rule as a matter of law on the infringement issue. In fact, its moving papers stated that "WebZero believes that summary judgment in its favor is warranted." Memorandum of Points and Authorities in Opposition to ClicVU, Inc.'s Motion for Summary Judgment and In Support of WebZero LLC's Cross-Motion for Summary Judgment, p. 1 n.1. WebZero's argument that it has sufficient evidence to prove infringement, but insufficient evidence to disprove non-infringement seems somewhat contradictory and contrived.[2] Additionally, WebZero has not carried its burden in showing the existence of any facts that would prevent summary judgment as required by Rule 56(f).

Thus, for at least these additional reasons, the Court's Summary Judgment Order of Non-Infringement should not be disturbed and WebZero's motion to alter or amend should be denied.

---

[2] WebZero made a similar statement in its Reply Brief in Support of Cross Motion and Cross Motion for Summary Judgment in stating "[i]f summary judgment is not proper, and WebZero believes that it is, WebZero should be given an adequate opportunity for discovery in order to present additional evidence of ClicVU's infringement." Reply Brief in Support of Cross Motion and Cross Motion for Summary Judgment, p. 8.

8   CLICVU, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING WEBZERO, LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

4299533.1 6003221-000

## III. CONCLUSION

For the reasons set forth above, ClicVU respectfully submits that WebZero's improper and irrelevant arguments do not warrant disturbing this Court's holding of non-infringement on summary judgment. Accordingly, ClicVU respectfully requests that this Court deny WebZero's motion to alter or amend this Court's judgment.

Respectfully submitted,

DATED: June 1, 2009

/s/ Pierre R. Yanney
PIERRE R. YANNEY (*Pro Hac Vice*)
ALAN M. KINDRED (State Bar No. 135145)
Attorneys for Defendant/Counterclaim-Plaintiff ClicVU, Inc.

9   CLICVU, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING WEBZERO, LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

4299533.1 6003221-000